**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REBECA IDALIA HERNANDEZ GONZALEZ, an individual, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:20-cv-1931<br>)<br>) |
| v. | )<br>) |
| THE LYONS TAP, INC., an Illinois corporation and ENRIQUE ALVAREZ, an individual, | )<br>)<br>) |
| Defendants. | ) |

**COMPLAINT**

The Plaintiff, Rebeca Idalia Hernandez Gonzalez ("Gonzalez"), by and through her attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, The Lyons Tap, Inc. and Enrique Alvarez, as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff statutory minimum wages and overtime compensation for hours worked over forty (40) in a workweek, while compensating Plaintiff on an improper per diem basis. Plaintiff is a former bartender, cashier and cleaner at Defendants' Lyons Tap tavern.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Gonzalez is a former employee of the Defendants' Lyons Tap tavern business located at 3316 West 63rd Street in Chicago, Illinois. Plaintiff worked as a bartender, cashier and cleaner at Defendants' tavern from approximately 1996 through January 5, 2020.

5. During the course of her employment, Plaintiff regularly used and handled goods and materials including alcoholic products which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant The Lyons Tap, Inc. does business as The Lyons Tap and operates The Lyons Tap tavern business located at 3316 West 63rd Street in Chicago, and is engaged in selling and serving prepared beverages, including alcoholic beverages, to customers.

8. On information and belief, Defendant The Lyons Tap, Inc. has earned more than $500,000 in annual gross revenue during 2017, 2018 and 2019.

9. Defendant The Lyons Tap, Inc. is registered in Illinois as a corporation and its registered agent, president and principal office are located within this judicial district.

10. Defendant, Enrique Alvarez ("Alvarez"), is an owner of the Lyons Tap tavern business and is the president of the business's operating entity, Defendant, The Lyons Tap, Inc.

11. At all times relevant to this action, Defendant Alvarez possessed extensive oversight over The Lyons Tap tavern and its business operations. Defendant Alvarez was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled

employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Upon information and belief, Defendant Alvarez resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

13. During the period from at least March, 2017 through January 5, 2020, Plaintiff Gonzalez regularly worked five (5) days a week including Wednesday through Friday from 2:00 p.m. to 2:00 a.m.; Saturday from 1:00 p.m. to 3:00 a.m.; and, Sunday from 1:00 p.m. to 2:00 a.m. Plaintiff typically did not work on Monday or Tuesday.

14. Based on her schedule, Plaintiff Gonzalez regularly worked approximately sixty-three (63) hours in individual workweeks from March, 2017 through January 5, 2020.

15. During the period from at least March, 2017 through January 5, 2020, Defendants elected to claim a tip credit by paying Plaintiff Gonzalez and other employees a lower direct wage and using tips to make up the difference between direct wages and the minimum wage.

16. During the period from at least March, 2017 through January, 2020, Defendants paid Plaintiff a per diem rate of sixty dollars ($60.00), and paid these wages with unreported cash.

17. In addition to Defendants' direct per diem wages, Plaintiff Gonzalez customarily and regularly received approximately $150.00 per week in tips and gratuities paid by customers.

18. Defendants violated tip credit requirements by failing to pay sufficient direct wages to Plaintiff.

19. In addition, based on the total direct wages and tips and gratuities paid to Plaintiff, Plaintiff was paid less than the statutory minimum wage in individual workweeks.

20.     Defendants failed to properly take a tip credit by failing to ensure that the Plaintiff received sufficient tips and gratuities in order to make up the difference between Defendants' direct wage payments and the statutory minimum wage.

21.     Furthermore, Defendants paid Plaintiff her straight time rate of pay for all hours worked in a workweek, including those in excess of forty (40).

22.     Defendants did not compensate Plaintiff at one and one-half times her hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

23.     Defendants never paid Plaintiff an overtime premium when she worked more than forty (40) hours in a week.

24.     In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code § 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

25.     Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

26.     Throughout her employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

27.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

28.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

29. Defendant The Lyons Tap, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

30. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay her at a rate of one and one-half times her regular hourly rate of pay for all hours worked over forty (40) in a workweek.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

32. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by placing the Plaintiff on an illegal per diem compensation plan. Furthermore, in an attempt to conceal their overtime violations, Defendants paid wages to Plaintiff "under the table" in cash, and furnished no hours worked or wage payment record to Plaintiff. Defendants' cash wage payments were not reported to federal and state tax and revenue departmental agencies. Additionally, Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Rebeca Idalia Hernandez Gonzalez, prays for a judgment against Defendants, The Lyons Tap, Inc. and Enrique Alvarez, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

33.      Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

34.      Throughout her employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

35.      Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §§ 206, 213.

36.      During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

37.      Defendant The Lyons Tap, Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

38.      Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated according to the applicable minimum wage rate.

39.      Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff statutory minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiff with cash "under the table" and providing no wage statement records. Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiff and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

6

**WHEREFORE**, the Plaintiff, Rebeca Idalia Hernandez Gonzalez, prays for a judgment against Defendants, The Lyons Tap, Inc. and Enrique Alvarez, as follows:

    A.    Judgment in the amount of unpaid minimum wages found due;

    B.    Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Minimum Wage Law – Overtime Wages

40.    Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

41.    Throughout her employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

42.    Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

43.    Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

44.    Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

45.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Rebeca Idalia Hernandez Gonzalez, prays for a judgment against Defendants, The Lyons Tap, Inc. and Enrique Alvarez, as follows:

  A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

  B.  Statutory damages in the amount of three times the amount of unpaid overtime;

  C.  Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

  D.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  D.  Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law – Minimum Wages

46.  Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

47.  Throughout her employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

48.  Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

49.  During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

50.  Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Rebeca Idalia Hernandez Gonzalez, prays for a judgment against Defendants, The Lyons Tap, Inc. and Enrique Alvarez, as follows:

  A.  Judgment in the amount of unpaid minimum wages found due;

  B.  Statutory damages in the amount of three times the amount of unpaid minimum wages;

  C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

  D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  E. Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**Violation of the Chicago Minimum Wage Ordinance – Overtime Wages**

51. Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

52. Plaintiff was an "employee" under § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

53. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

54. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

55. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Rebeca Idalia Hernandez Gonzalez, prays for a judgment against Defendants, The Lyons Tap, Inc. and Enrique Alvarez, as follows:

  A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

  B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

  C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  D. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
## Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

56. Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

57. Plaintiff was an "employee" under § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

58. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

59. Under § 1-24-020(a), Plaintiff was entitled to be compensated according to the minimum wage requirements of the CMWO.

60. Defendants' failure and refusal to pay wages at the minimum wage rates was a violation of the minimum wage provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Rebeca Idalia Hernandez Gonzalez, prays for a judgment against Defendants, The Lyons Tap, Inc. and Enrique Alvarez, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: March 23, 2020

Respectfully submitted,

Rebeca Idalia Hernandez Gonzalez,
Plaintiff

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com