UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECA IDALIA HERNANDEZ GONZALEZ, | ) )  )  Case No. 20 C 1931 |
| Plaintiff, | ) ) ) |
| v. | ) )  Magistrate Judge Gabriel A. Fuentes |
| THE LYONS TAP, INC. and ENRIQUE ALVAREZ, | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the magistrate judge on consent. (D.E. 23.) The Court is dismissing this case with prejudice for want of prosecution, based on plaintiff's recurring, persistent, and recent conduct ignoring her obligations to pursue her own case, to cooperate with defense counsel in initiating discovery, and indeed to take any action at all in this matter.

The first signs of trouble around plaintiff's engagement in this case showed themselves on October 9, 2020, when plaintiff's counsel moved to withdraw. (D.E. 29.) Counsel was appropriately circumspect in saying why, but he did disclose that a communication breakdown had developed between him and plaintiff, and that she had not identified to him any subsequent counsel. (*Id.*) The Court granted the withdrawal motion and let stand an earlier order requiring the parties, including plaintiff, to file a status report on October 16, 2020, setting forth her representation status and her views on the discovery schedule then in place. (D.E. 30.)

Alas, October 16 came and went with no word from plaintiff. The Court entered an order three days later, noting its requirement that she file a report on October 16, and noting that she had not done so. (D.E. 32.) The Court gave plaintiff a second chance, ordering her to confer with

opposing counsel about discovery and file her report on December 11, 2020, with respect to her representation status. (*Id.*) The Court further warned plaintiff that if she did not make any effort to make contact with defendants to begin discovery and advance the lawsuit, "the lawsuit will be dismissed for want of prosecution." (*Id.*)

Alas, December 11 came and went with still no word from plaintiff. Three days later, the Court entered another order. In it, the Court gave plaintiff a third chance to keep this lawsuit going. The Court reminded plaintiff that its earlier order contained a warning that "pain of possible dismissal" loomed if plaintiff continued to ignore defendants and the Court's orders. (D.E. 34.) The Court gave plaintiff leave to file a statement no later than noon on January 15, 2021, "stating why she believes the matter should not be dismissed with prejudice for want of prosecution." (*Id.*) As if the Court had not been clear enough with plaintiff until this point, its December 14 order could not have been clearer. The dismissal plaintiff would face if she continued to ignore the case and the Court's orders would be a dismissal with prejudice. There would be no more chances.

Alas, January 15 came and went with still no word from plaintiff. Ample basis existed then to dismiss the case with prejudice as the Court had warned it would do. But as it happened, the Court was deeply engaged in preparing for a one-week bench trial, and in other time-consuming and complex matters. Although the Court had intended to dismiss the matter with prejudice after January 15, 2021 if plaintiff continued to hide from this lawsuit that she herself brought, the Court did not act, giving plaintiff a fourth chance to contact defense counsel and the Court, if she wished to revive this case. But more time passed with no word from plaintiff.

Alas, during all this time, now two months past the Court's last deadline, defendants have reported that plaintiff still has not done anything to comply with the Court's orders entered after the withdrawal of her earlier counsel. (D.E. 36.)

2

Our court of appeals has held that a warning, such as the warnings issued in this case as described above, should precede a dismissal for want of prosecution. *Johnson v. Chicago Bd. Of Educ.,* 718 F.3d 731, 732-33 (7th Cir. 2013); *Ball v. City of Chicago*, 2 F.3d 752, 756-57 (7th Cir. 1993). The factors to be considered include the frequency of the plaintiff's failure to comply with deadlines, the effect of these failures on the court's time and schedule, the prejudice caused to defendant by the delay, and the possible merits of the suit. *See Williams v. Bd. of Educ.*, 155 F.3d 853, 857-58 (7th Cir. 1998). Each of those factors weighs heavily in favor of dismissal. "Although dismissal is a harsh sanction that should be imposed infrequently, we recognize that the power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177-78 (7th Cir. 1987)).

Plaintiff had plenty of time and four separate opportunities to prosecute her case, but instead, continued to waste the resources of defendants and the Court. The Court knows little about plaintiff's circumstances, or about what obstacles or barriers she might have to overcome in pursuing this lawsuit. But to the extent her circumstances might evoke sympathy, or reasons not to dismiss the case, the Court needed to hear them. The Court's orders included directions that the orders be mailed to plaintiff at her last known address on file with the Court. (D.E. 32, 34.) The last mailing was returned as undeliverable. (D.E. 35.) There is nothing more the Court could have done to give plaintiff an opportunity to state why this case should proceed.

      This case is dismissed with prejudice for want of prosecution.

**SO ORDERED.**

                                            **ENTER:**

                                            **GABRIEL A. FUENTES**
                                            **United States Magistrate Judge**

**DATED: March 17, 2021**